1
2
3
4                        **UNITED STATES DISTRICT COURT**
5                             **DISTRICT OF NEVADA**
6
7    VAL DAY, *et al.*,                    )
8                    Plaintiffs,           )        Case No.  2:12-cv-00577-JCM-CWH
                                           )
9    vs.                                   )        **ORDER**
                                           )
10   FORMAN AUTOMOTIVE GROUP,              )
                                           )
11                   Defendant.            )
     _____)
12
13          This matter is before the Court on Plaintiff Val Day's Motion to Compel (#15), filed August
     13, 2012.
14
15          Pursuant to Fed. R. Civ. P. 37(a)(3)(B), Plaintiff seeks to compel Defendant Forman
16   Automotive Group to provide signed verifications to its Rule 33 responses.[1]  A threshold
17   requirement of a motion to compel under Rule 37(a) is that "[t]he motion must include a
     certification that the movant has in good faith conferred or attempted to confer with the person or
18   party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R.
19   Civ. P. 37(a)(1).  "  Additionally, LR 26-7(b) provides that "[d]iscovery motions will not be
20   considered unless a statement of the movant is attached thereto certifying that, after personal
21   consultation and sincere effort to do so, the parties have been unable to resolve the matter without
22   Court action."
23          Both the meet and confer requirement of Rule 37 and the personal consultation requirement
24   of LR 26-7(b) serve important purposes.  Compliance is required "to lessen the burden on the court
25   and reduce the unnecessary expenditure of resources by litigants, through the promotion of
26   informal, extrajudicial resolution of discovery disputes."  *Nevada Power v. Monsanto*, 151 F.R.D.
27
28   _____

        [1]  Federal Rule of Civil Procedure 33(b)(5) provides that "[t]he person who makes the answers must sign
     them, and the attorney who objects must sign any objections."

118, 120 (D. Nev. 1993).  The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Id*.  In order to serve its purpose, parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id*.  To do so,

> [t]he parties must present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions.  Only after the cards have been laid on the table, and a party has meaningfully assessed the relative strengths and weaknesses of its position in light of all available information, can there be a "sincere effort" to resolve the matter.

*Id*.

In *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166 (D. Nev. 1996), the Court identified two prongs to Rule 37's meet and confer requirement.  First, the moving party must provide a certification from counsel which "accurately and specifically conveys to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute" – the certification requirement.  *Shuffle Master*, 170 F.R.D. at 170.  Second, the moving party must actually confer or attempt to confer in good faith  – the performance requirement.  *Id*.  The moving party must move beyond cursory statements and "must adequately set forth in the motion essential facts sufficient to enable the court to pass a preliminary judgment on the adequacy and sincerity of the good faith conferment between the parties." *Id*. at 171.  A good faith attempt requires more than the "the perfunctory parroting of statutory language," it requires a "genuine attempt to resolve the discovery dispute through non judicial means." *Id*.  Doing so accomplishes the underlying policy of Rule 37(a)(1) and LR 26-7(b).

Absent compelling circumstances not present here, the mere exchange of letters has long been seen as insufficient to satisfy the "personal consultation" requirement in this district.  *See e.g.*, *Hunter v. Moran*, 128 F.R.D. 115 (D. Nev. 1989).  *Shuffle Master* made clear that the mere exchange of letters is also insufficient to demonstrate a good faith effort to meet and confer under Rule 37.  *Shuffle Master*, 170 F.R.D. at 172.  Simply put, the exchange of letters is an "inadequate means" through which counsel may attempt to confer.  To be sure, the exchange of letters may serve to narrow or inform the issues prior to personal consultation, but both Rule 37(a)(1) and LR

26-7(b) require more.

Here, Plaintiff has not met the threshold meet and confer requirement for consideration of the motion.  The only indication of consultation between the parties is the exchange of letters. Thus, the Court finds that Plaintiff's efforts to engage in meaningful discussions to resolve this discovery disputes have been, to this point, inadequate.  Accordingly,

**IT IS HEREBY ORDERED** that  Plaintiff's Motion to Compel (#15) is **denied without prejudice**.

DATED this 14th day of August, 2012.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**