# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

VAL DAY, *et al.*,

        Plaintiffs,

vs.

FORMAN AUTOMOTIVE GROUP, *et al.*,

        Defendants.

Case No. 2:12-cv-00577-JCM-CWH

**ORDER**

    This matter is before the Court on Defendant Forman Automotive, Inc's Request for Attorneys Fees and Costs (#38-39), filed on June 13, 2013, and Declaration of Pamela A. McKay (#46), filed on July 8, 2013.  The Court also considered Plaintiffs' Response (#56), filed on August 9, 2013.

## BACKGROUND

    This action concerns an employment discrimination dispute arising out of Plaintiffs former employment with Defendant Forman Automotive, Inc. ("Defendant Forman").  On July 9, 2013, the Court conducted a hearing on Plaintiffs' Motion to Compel (#33) and Motion for Sanctions (#34).  The Court denied both motions and ordered the parties to meet and confer regarding Defendant Forman's request for fees and costs.  *See* Minutes of Proceedings (#47).  Specifically, the Court noted that Plaintiffs' Motion to Compel (#33) failed to comply with Local Rule ("LR") 26-7(a) requiring that the text of the discovery requested and the response be set forth in the motion and LR 26-7(b) requiring the parties to conduct a sufficient meet and confer.  Furthermore, the Court noted that Plaintiffs' motions were untimely, the discovery requests were of limited relevance in addition to being redundant or duplicative of information already available.  At the hearing and in Defendant Forman's Oppositions to Plaintiffs' Motions (#38-39), Defense Counsel Pamela A. McKay ("McKay") requested attorneys fees of $3,927.  On August 9, 2013, Plaintiffs submitted an opposition to Defendcant Forman's request for fees.

# DISCUSSION

## A.     Sanctions Pursuant to Rule 37

Federal Rule of Civil Procedure 37(a)(5)(A) states, "[T]he court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." An award of expenses is not appropriate if: (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action, (2) the opposing party's non-disclosure, response, or objection was substantially justified, or (3) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i-iii). The burden is on the losing party to affirmatively demonstrate that its discovery conduct was substantially justified. *See* Adv. Comm. Notes to 1970 Amendment to former Fed. R. Civ. P. 37(a)(4). Discovery conduct is "substantially justified if it is a response to a 'genuine dispute or if reasonable people could differ as to the appropriateness of the contested action.'" *Devaney v. Continental American Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)).

Plaintiffs contend that their discovery conduct in filing the Motion to Compel (#33) and Motion for Sanctions (#34) is substantially justified. They concede that their motions were untimely, but insist that the false verification issue was of sufficient importance to overcome that procedural deficiency. Further, Plaintiffs argue that their failure to include the verbatim discovery question and response within the motion is excusable based on what they believe is a reasonable interpretation of LR 26-7 - that including a true and correct copy of the question and answer complied with the concepts of the best evidence rule. Finally, Plaintiffs assert because they believe that their allegation of a possible discovery violation was brought in good faith, it was substantially justified irrespective of the Court's decision to deny it.

The Court is not convinced that Plaintiffs' discovery conduct was substantially justified. The Court highlighted the numerous procedural deficiencies in Plaintiffs' Motion to Compel (#33) at the hearing, including: timeliness, failure to comply with LR 26-7, and failure to conduct a sufficient meet and confer. However, in an effort to decide the discovery dispute on its merits, the

1  Court additionally addressed the substance of the dispute.  In doing so, the Court found Plaintiffs'
2  requests to be of limited relevance in addition to being redundant or duplicative of information
3  already available and denied Plaintiffs' Motion to Compel (#33) in its entirety.  The Court finds
4  Plaintiffs' reiteration of their interpretation of LR 26-7 to be insufficient to constitute a substantial
5  justification against awarding fees given that the Court explained why Plaintiffs' interpretation of
6  that rule was incorrect at the hearing.  In addition, Plaintiffs' argument that the fact that they
7  believed they were bringing a discovery dispute to the Court in good faith is enough to prevent fees
8  from being awarded is inconsistent with Rule 37's purpose and the definition of substantially
9  justified discovery conduct.  As a result, the Court finds that Plaintiffs have failed to carry their
10 burden to demonstrate that their conduct was substantially justified or that an award of fees would
11 be unjust.

**B.     Reasonableness of the Fee Request**

13  The Ninth Circuit affords trial courts broad discretion in determining the reasonableness of
14 fees.  *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).  Courts typically follow a two-
15 step process.  *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000).  First, the Court must
16 calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation
17 and multiplying it by a reasonable hourly rate."  *Id.*  Second, the Court "may adjust the lodestar
18 upward or downward using a 'multiplier' based on factors not subsumed in the initial calculation."
19 *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).  Some of the
20 relevant factors are: (1) the preclusion of other employment by the attorney due to acceptance of the
21 case, (2) time limitations imposed by the client or the circumstances, (3) the amount involved and
22 results obtained, (4) the undesirability of the case,[1] (5) the nature and length of the professional
23 relationship with the client, and (6) awards in similar cases.  *Id.* at n. 2 (*citing Hensley v. Eckerhart*,
24 461 U.S. 424 (1983)); *see also Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir.

---

[1]This factor has been called into question by the Supreme Court's ruling in *City of Burlington v. Dague,* 505 U.S. 557, 561-564 (1992).  *See also Davis v. City & Cty. of San Francisco*, 976 F.2d 1536, 1546 n.4 (9th Cir. 1992), *vacated in part on other grounds,* 984 F.2d 345 (9th Cir. 1993) (suggesting *Dague* casts doubt on the relevance of "undesirability" to the fee calculation).

3

1975), *cert. denied,* 425 U.S. 951 (1976). In most cases, the lodestar figure is a presumptively reasonable fee award. *Camacho v. Bridgeport Financial, Inc.,* 523 F.3d 973, 978 (9th Cir. 2008).

### **1.** **Reasonable Hourly Rate**

The Supreme Court has held that reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984). The relevant community consists of the forum in which the case is pending. *Camacho,* 523 F.3d at 978. The court may consider rates outside the forum if local counsel was unavailable because they lacked the degree of experience, expertise, or specialization required to properly handle the case. *Id*. (*citing Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)). Additionally, the court must consider the market rate in effect within two years of the work performed. *Bell v. Clackamas County*, 341 F.3d 858, 869 (9th Cir. 2003). Determining the appropriate market rate is inherently difficult for a number of reasons. Traditional supply and demand principles do not ordinarily apply to prevailing market rates for lawyers. *Id.* The hourly rate of lawyers in private practice varies widely. *Id.* The type of services provided by lawyers, as well as their experience, skill, and reputation, varies extensively. *Id.* Finally, the fee is usually discussed with the client and may be negotiated. *Id.*

Consequently, the fee applicant has the burden of producing satisfactory evidence that "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* Such evidence may include affidavits of the fee applicant's attorneys, affidavits of other attorneys regarding prevailing fees in the community, and rate determinations in other cases. *Camacho*, 523 F.3d at 980 (*citing United Steel Workers of Am. v. Phelps Dodge Corp.,* 896 F.2d 403, 407 (9th Cir. 1990)).

Here, Defendant Forman requests fees for McKay at an hourly rate of $165. Plaintiffs raised no objection to this rate and the Court finds it to be reasonable for this forum.

### **2.** **Reasonable Hours Expended**

Where documentation of hours is inadequate, the district court may reduce the award accordingly. *Hensley*, 461 U.S. at 433. The court may exclude hours related to overstaffing, duplication, excessiveness, and otherwise unnecessary to the issue. *Id.* Here, Defendant Forman

requests a total fee award of $3,927 based on an hourly rate of $165 and 23.8 hours.  However, the Court notes that Defendant Forman included one hour as an estimation of time for the hearing on July 9, 2013.  Given that this hearing was conducted for 43 minutes, the Court will reduce the hours requested for the hearing to 0.72.  Accordingly, the fee award will be reduced by $46.75 for a total of $3,880.25.

Additionally, Plaintiffs contend that the fee award should be reduced because despite their failure to comply with LR 26-7, "[s]urely the defense lawyer knew exactly what was sought" and Defendant Forman should not have spent so much time preparing its opposition.  The Court finds that this vague accusation that Defendant Forman spent too much time in preparing its opposition is insufficient to warrant a reduction in the fee award.  Plaintiffs also argue that the fee award should be reduced given that Defense Counsel made an irrelevant argument related to improper solicitation, which wasted time.  The Court is similarly not persuaded that one argument that was not the basis for the Court's decision to deny Plaintiffs' motions should warrant a fee award reduction.  Moreover, Plaintiffs specify no amount of time that this wasted making it too difficult to determine whether a reduction in fee should be granted.  Finally, Plaintiffs contend that the time entries for preparing all opposition papers for the Motion to Compel for 13.9 hours and for the Motion for Sanctions for 3.7 hours are duplicative.  The Court notes that only section A entitled "Pleadings" is the same in Defendant Forman's Oppositions (#38-39).  Defendant Forman cites different law and arguments in its Opposition (#38) to Plaintiffs' Motion to Compel (#33) than in its Opposition (#39) to Plaintiffs' Motion for Sanctions.  Accordingly, the Court finds that the time entries for preparation of these oppositions is not duplicative.  Therefore, the Court finds that Defense Counsel McKay is entitled to an award of $3,880.25 in fees based on approximately 23.5 hours of work at a rate of $165 per hour.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendant Forman Automotive, Inc's Request for Attorneys Fees and Costs (#38-39), filed on June 13, 2013, and Declaration of Pamela A. McKay (#46) is **granted with the above-noted modification to the fee award amount**.

**IT IS FURTHER ORDERED** that Plaintiffs shall pay Defendant Forman the total sum of

$3,880.25.  Plaintiffs are further ordered to make full payment to Defendant Forman by **October 9, 2013.**

DATED this 25th day of September, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**