# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

VAL DAY, et al.,

        Plaintiff(s),

v.

FORMAN AUTOMOTIVE GROUP, et al.,

        Defendant(s).

2:12-CV-577 JCM (CWH)

## ORDER

Presently before the court is defendant United Nissan's motion for summary judgment. (Doc. # 36). Plaintiff John Richards filed a response (doc. # 45), and defendant filed a reply (doc. # 53).

**I.    Background**

The instant case involves claims of racial discrimination in violation of Title VII by plaintiff John Richards against his former employer, defendant United Nissan.

Plaintiff Richards was employed by defendant as an auto salesman between February 2, 2011, and June 23, 2011. Plaintiff Richards alleges that several specific incidents took place throughout his employment in which members of defendant's management staff used racial slurs and referred to him using derogatory racial epithets. Specifically, he recounts that members of the management staff would frequently refer to him as "blue black" and "zebra eater." (Doc. 45 p. 2:8-16). Though plaintiff Richards alleges that he was regularly addressed using these derogatory terms, there is no record that any manager was ever reprimanded for such remarks.

**James C. Mahan**
**U.S. District Judge**

    While working at United Nissan in 2011, plaintiff Richards was subjected to two disciplinary actions. In June 2011, plaintiff Richards was suspended due to leaving his position for two hours to visit a casino during the middle of his shift without permission. As a result, plaintiff Richards was suspended for three days. On July 1, 2014, plaintiff Richards violated United Nissan's attendance policy again by leaving in the middle of his shift without notifying his supervisor. Defendant claims that it merely suspended plaintiff Richards and expected him to return on July 4, 2014. Plaintiff Richards disputes that he was suspended at that time, and claims that defendant terminated him due to the incident. Plaintiff Richards did not report back to work after July 1, 2014.

    On February 21, 2012, the U.S. Equal Employment Opportunity Commission issued a right to sue notice to plaintiff Richards.

    Plaintiff Richards now alleges that defendant violated Title VII by terminating his employment based on his status as an African American. For the purposes of the instant motion, the court will analyze the federal and state discrimination claims together. *See Apeceche v. White Pine Cnty.*, 615 P.2d 975, 977 (Nev. 1980) ("NRS 613.330(1) is almost identical to § 703(a)(1) of Title VII of the Civil Rights Act of 1964.").

**II.  Legal Standard**

    The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24 (1986).

    In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213

**James C. Mahan**
**U.S. District Judge**

- 2 -

F.3d 474, 480 (9th Cir. 2000) (citations omitted).

In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

. . .

**James C. Mahan**
**U.S. District Judge**

**III.     Analysis**

        <u>a.</u>     <u>Prima Facie Case</u>

Title VII claims are to be analyzed through the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). "Under this analysis, plaintiffs must first establish a prima facie case of employment discrimination." *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1155 (9th Cir. 2010). "Establishing a prima facie Title VII case in response to a motion for summary judgment requires only minimal proof and does not even need to rise to the level of a preponderance of the evidence." *Palmer v. Pioneer Assocs, Ltd.*, 338 F.3d 981, 984 (9th Cir. 2003) (internal citations and quotations omitted).

To establish a prima facie case, plaintiff must present evidence showing: (1) he is a member of a protected class; (2) he was performing his job in a satisfactory manner; (3) he suffered an adverse employment action; and (4) that similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination. *See, e.g.*, *Zeinali v. Raytheon Co.*, 636 F.3d 544, 552 (9th Cir. 2011).

Plaintiff Richards fails to carry his burden on the second criterion–that is, he does not provide any evidence demonstrating that he was performing his job in a satisfactory manner. On the contrary, defendant has provided significant uncontroverted evidence that plaintiff violated defendant's policies twice in less than four weeks by leaving the dealership during his shift without notifying his supervisor. Even if plaintiff's claim is true that he was terminated after the second incident and not merely suspended, such a punishment would have been justified based on plaintiff Richards' violations.

Therefore, plaintiff Richards fails to provide evidence demonstrating a necessary element of his claims, and the court will grant defendant's motion for summary judgment.

. . .

. . .

. . .

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for summary judgment (doc. # 36) be, and the same hereby is, GRANTED.

DATED February 5, 2014.

_____
**UNITED STATES DISTRICT JUDGE**