# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| VAL DAY, et al.,<br><br>            Plaintiff(s),<br><br>v.<br><br>FORMAN AUTOMOTIVE GROUP, et al.,<br><br>            Defendant(s). | 2:12-CV-577 JCM (CWH) |

## ORDER

Presently before the court is defendant United Nissan's motion for summary judgment. (Doc. # 37). Plaintiff Lance Carr filed a response (doc. # 44), and defendant filed a reply (doc. # 54).

**I.     Background**

The instant case involves claims of racial discrimination in violation of Title VII by plaintiff Lance Carr against his former employer, defendant United Nissan.

Plaintiff Carr was employed by defendant as used car manager for two separate periods of time. Plaintiff Carr was first employed by defendant in 2006. After a few months, plaintiff Carr was transferred to a similar management position at a different dealership, from which he resigned in approximately June 2007. Several months later, Donald Forman, defendant's owner, contacted plaintiff Carr and convinced him to return to his former position working for defendant. Plaintiff Carr continued his employment with defendant until he was terminated on January 30, 2010.

. . .

**James C. Mahan**
**U.S. District Judge**

Plaintiff Carr alleges that an incident took place at a business meeting in 2009 in which Mr. Forman stated that the dealership was going to hold a "niggeration sale" following the inauguration of President Barack Obama. (Doc. # 44 p. 2:11-13). Plaintiff Carr also states that, throughout his employment, Nick Vosdoganis, the general sales manager of United Nissan, would frequently refer to plaintiff Carr as "James." Plaintiff Carr states that Mr. Vosdoganis never explained why he called him by this name. (Doc. # 44-1 p. 4:8-16).

On January 30, 2010, Mr. Forman held a meeting for managers at the dealership that plaintiff Carr did not attend. While defendant claims the meeting was mandatory for all managers, plaintiff Carr states that only certain managers were expected to attend, and he was not among the invitees. Upon noticing plaintiff Carr's absence, Mr. Forman left the meeting in search of plaintiff Carr. According to plaintiff Carr, Mr. Forman approached him angrily shouting expletives regarding his absence at the meeting. Plaintiff Carr allegedly responded that he did not like being spoken to in that manner, at which point Mr. Forman immediately terminated plaintiff Carr's employment.

On April 9, 2012, the U.S. Equal Employment Opportunity Commission issued a right to sue notice to plaintiff Carr.

Plaintiff Carr now alleges that defendant violated Title VII and Nev. Rev. Stat. § 613.330 by terminating his employment based on his status as an African American. For the purposes of the instant motion, the court will analyze the federal and state discrimination claims together. *See Apeceche v. White Pine Cnty.*, 615 P.2d 975, 977 (Nev. 1980) ("NRS 613.330(1) is almost identical to § 703(a)(1) of Title VII of the Civil Rights Act of 1964.").

**II.    Legal Standard**

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24 (1986).

James C. Mahan
U.S. District Judge

- 2 -

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*,

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable
2  inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is
3  merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at
4  249–50.

5  **III.    Analysis**

6      a.    Prima Facie Case

7  Title VII claims are to be analyzed through the burden-shifting framework of *McDonnell
8  Douglas Corp. v. Green*, 411 U.S. 792 (1973). "Under this analysis, plaintiffs must first establish
9  a prima facie case of employment discrimination." *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151,
10 1155 (9th Cir. 2010). "Establishing a prima facie Title VII case in response to a motion for summary
11 judgment requires only minimal proof and does not even need to rise to the level of a preponderance
12 of the evidence." *Palmer v. Pioneer Assocs, Ltd.*, 338 F.3d 981, 984 (9th Cir. 2003) (internal
13 citations and quotations omitted).

14 To establish a prima facie case, plaintiff must present evidence showing: (1) he is a member
15 of a protected class; (2) he was performing his job in a satisfactory manner; (3) he suffered an
16 adverse employment action; and (4) that similarly situated individuals outside his protected class
17 were treated more favorably, or other circumstances surrounding the adverse employment action give
18 rise to an inference of discrimination. *See, e.g.*, *Zeinali v. Raytheon Co.*, 636 F.3d 544, 552 (9th Cir.
19 2011).

20 Plaintiff Carr alleges and defendant does not dispute that plaintiff is an African American,
21 and therefore a member of a protected class. *See* 42 U.S.C. § 2000e(a)(1); Nev. Rev. Stat. §
22 613.330(1).

23 Plaintiff Carr claims and defendant does not dispute that plaintiff Carr was so effective as
24 a used car manager that after he initially resigned, Mr. Forman specifically contacted him and
25 requested that he return to his position at United Nissan.

26 Plaintiff Carr and defendant agree that plaintiff Carr was terminated from his employment,
27 which is certainly an adverse employment action.

28

1  The evidence provided by plaintiff Carr also shows that defendant's management habitually
2  used derogatory and offensive terms to refer to African-American employees, and that no manager
3  was ever reprimanded for doing so. These facts are sufficient to raise an inference of discrimination
4  regarding plaintiff Carr's termination.

5  Therefore plaintiff Carr has sufficiently established a prima facie case of Title VII
6  discrimination.

7         b.       <u>Legitimate, Nondiscriminatory Reasons</u>

8  "If plaintiffs establish a prima facie case, the burden of production, not of persuasion, shifts
9  to the employer to articulate some legitimate, nondiscriminatory reason for the challenged action."
10 *Hawn*, 615 F.3d at 1155 (internal citations and quotations omitted). "If defendant meets this burden,
11 plaintiffs must then raise a triable issue of material fact as to whether the defendant's proffered
12 reasons for their terminations are mere pretext for unlawful discrimination." *Id.*

13 Here, defendant has provided evidence demonstrating that it terminated plaintiff Carr's
14 employment based on both his lack of attendance at a mandatory meeting and the insubordination
15 in plaintiff Carr's response when Mr. Forman confronted him. Defendant, therefore, carries its
16 burden of providing evidence that there was a legitimate, nondiscriminatory reason to terminate
17 plaintiff Carr.

18         c.       <u>Pretext</u>

19 "A plaintiff can prove pretext in two ways: (1) indirectly, by showing that the employer's
20 proffered explanation is unworthy of credence because it is internally inconsistent or otherwise not
21 believable, or (2) directly, by showing that unlawful discrimination more likely motivated the
22 employer." *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1171 (9th Cir. 2007) (internal citations, quotations,
23 and alterations omitted). "All the evidence as to pretext–whether direct or indirect–is to be
24 considered cumulatively." *Id.*

25 Plaintiff Carr fails to produce any evidence demonstrating that defendant's stated reason for
26 terminating him is pretextual. Plaintiff Carr provides no evidence, and does not even allege that
27 employees of other races were treated differently upon missing mandatory meetings or incurring
28

**James C. Mahan**
**U.S. District Judge**

1 similar infractions.

2 While the decision to terminate plaintiff Carr after missing a single meeting as well as the
3 allegations that Mr. Forman was enraged and swore at plaintiff Carr for his absence seem rather
4 extreme, they do not indicate that racism motivated plaintiff Carr's termination. *See Hawkins v.*
5 *Pepsico, Inc.*, 203 F.3d 274, 282 (4th Cir.), *cert. denied,* 531 U.S. 871 (2000) ("Law does not blindly
6 ascribe to race all personal conflicts between individuals of different races. To do so would turn the
7 workplace into a litigious cauldron of racial suspicion. Instead, legally sufficient evidence is required
8 to transform an ordinary conflict . . . into an actionable claim of discrimination.").

9 Because plaintiff Carr fails to provide evidence demonstrating that defendant's explanation
10 is internally inconsistent or that discrimination more likely motivated defendant's decision, he fails
11 to support his claim that defendant's proffered reasons for the termination are pretextual.
12 Accordingly, the court will grant defendant's motion for summary judgment.

13 Accordingly,

14 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for
15 summary judgment (doc. # 37) be, and the same hereby is, GRANTED.

16 DATED February 5, 2014.

*[signature]*
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 6 -