**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

VAL DAY, et al.,

    Plaintiff(s),

v.

FORMAN AUTOMOTIVE GROUP, et al.,

    Defendant(s).

2:12-CV-577 JCM (CWH)

**ORDER**

Presently before the court is plaintiff John Richards' motion for reconsideration. (Doc # 67). Defendant Forman Automotive Group d/b/a United Nissan filed a response in opposition, (doc. # 69), and plaintiff filed a reply, (doc. # 72).

In the instant motion, plaintiff requests that the court reconsider its order granting summary judgment in favor of defendant as to both of his claims, (doc. # 61).

**I.    Legal standard**

Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985); *see also De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (noting that the district court's denial of a Rule 60(b) motion is reviewed for an abuse of discretion).

**James C. Mahan**
**U.S. District Judge**

1   While a motion for reconsideration allows a party to bring a material oversight to the court's attention, it is not appropriate for a party to request reconsideration merely to force the court to "think about [an] issue again in the hope that [it] will come out the other way the second time." *Teller v. ScaryDogge*, 2013 WL 508326, at *6 n.6 (D. Nev. 2013); *see also Palmer v. Champion Mortgage*, 465 F.3d 24, 30 (1st Cir. 2006).

## II.  Discussion

Here, plaintiff fails to satisfy the legal standard to warrant the court's reconsideration of its order granting summary judgment. Plaintiff simply rehashes old arguments, refers to evidence that has already been considered, and discusses previously cited authorities.

While generally stating that the court "applied the incorrect standard for review," (doc. # 67, p. 3), plaintiff still fails to point to any evidence demonstrating he was performing his job in a satisfactory manner prior to his termination. In support of the underlying motion, defendant put forward undisputed evidence that plaintiff significantly violated defendant's policies twice in a four week period, prompting plaintiff's termination. Because plaintiff provided no evidence to the contrary and failed to produce other evidence indicating his job performance was satisfactory, the court's decision to grant summary judgment in defendant's favor was warranted.

## III.  Conclusion

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff John Richards' motion for reconsideration, (doc # 67), be, and the same hereby is, DENIED. The clerk is instructed to enter judgment accordingly.

DATED July 7, 2014.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 2 -