1

2

3

4

5

6

7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

2:12-CV-577 JCM (CWH)

8    VAL DAY, et al.,

9              Plaintiff(s),

10   v.

11
     FORMAN AUTOMOTIVE GROUP, et
12   al.,

13             Defendant(s).

14

15                          **ORDER**

16        Presently before the court is plaintiff Lance Carr's motion for reconsideration. (Doc # 68).

17   Defendant Forman Automotive Group d/b/a United Nissan filed a response in opposition, (doc. #

18   70), and plaintiff filed a reply, (doc. # 71).

19        In the instant motion, plaintiff requests that the court reconsider its order granting summary

20   judgment in favor of defendant as to both of his claims, (doc. # 62).

21   **I.    Legal standard**

22        Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding in

23   the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly

24   discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6)

25   any other reason justifying relief from the judgment. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th

26   Cir. 1985); *see also De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000)

27   (noting that the district court's denial of a Rule 60(b) motion is reviewed for an abuse of discretion).

28

**James C. Mahan**
**U.S. District Judge**

1      While a motion for reconsideration allows a party to bring a material oversight to the court's

2 attention, it is not appropriate for a party to request reconsideration merely to force the court to

3 "think about [an] issue again in the hope that [it] will come out the other way the second time."

4 *Teller v. Dogge*, 2013 WL 508326, at \*6 n.6 (D. Nev. 2013); *see also Palmer v. Champion*

5 *Mortgage*, 465 F.3d 24, 30 (1st Cir. 2006).

6 **II.**    **Discussion**

7      Here, plaintiff fails to satisfy the legal standard to warrant the court's reconsideration of its

8 order granting summary judgment. Plaintiff simply rehashes old arguments, refers to evidence that

9 has already been considered, and discusses previously cited authorities.

10      In the instant motion, plaintiff still fails to point to any evidence demonstrating that

11 defendant's explanation for the termination was pretextual. Instead, plaintiff repeats unsupported,

12 self-serving claims that he "had no notice" of the meeting that he was fired for failing to attend. The

13 court considered this argument prior to granting the underlying motion for summary judgment, and

14 concluded that even if plaintiff did not receive notice of the meeting, such a fact would not indicate

15 that his subsequent termination was the result of racism.

16      Indeed, in its order granting summary judgment, the court stated, "While the decision to

17 terminate plaintiff Carr after missing a single meeting as well as the allegations that Mr. Forman was

18 enraged and swore at plaintiff Carr for his absence seem rather extreme, they do not indicate that

19 racism motivated plaintiff Carr's termination." (Doc. # 62, p. 6). Thus, reconsideration of the court's

20 decision to grant summary judgment in defendant's favor is not warranted.

21 **III.**    **Conclusion**

22      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Lance Carr's

23 motion for reconsideration, (doc # 68), be, and the same hereby is, DENIED. The clerk is instructed

24 to enter judgment accordingly.

25      DATED July 7, 2014.

26

27      _____
                   UNITED STATES DISTRICT JUDGE

28

James C. Mahan
U.S. District Judge

- 2 -