UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VAL DAY, et al., | Case No. 2:12-CV-577 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| FORMAN AUTOMOTIVE GROUP, | |
| Defendant(s). | |

Presently before the court are seven motions *in limine* filed by defendant Forman Automotive, Inc. d/b/a United Nissan (hereinafter "defendant"). (Doc. # 92). Plaintiff Val Day (hereinafter "plaintiff") filed a response. (Doc. # 96).

**I.  Background**

The instant case involves claims of racial discrimination in violation of Title VII by plaintiff Val Day against his former employer, defendant United Nissan. Defendant employed plaintiff from October 5, 2008, to May 18, 2010, as an auto salesman. Plaintiff alleges that several specific incidents took place throughout his employment in which members of defendant's management staff used racial slurs and referred to him using derogatory racial epithets. (Doc. # 43).

Specifically, he recounts that in a business meeting in 2009, Donald Forman, the owner of United Nissan, stated that the dealership was going to hold a "niggeration sale" following the inauguration of President Barack Obama. Plaintiff also states that, throughout his employment, Nick Vosdoganis, the general sales manager of United Nissan, would frequently refer to plaintiff as "Sambo." Plaintiff alleges that Mr. Vosdoganis was never reprimanded for these derogatory remarks. (Doc. # 43).

**James C. Mahan
U.S. District Judge**

1       On May 18, 2010, a physical altercation broke out between plaintiff and Chris Cadot, another auto salesman employed by defendant. The incident occurred when Mr. Cadot began working with a customer who had originally approached plaintiff Day about purchasing a vehicle. Plaintiff confronted Mr. Cadot, and an argument ensued. The argument escalated into yelling, and Mr. Cadot struck plaintiff in the eye. Shortly after, Ron Wheeler, a general sales manager at United Nissan, broke up the argument. As he walked away, plaintiff was bleeding from a cut above his right eye. (Doc. # 43).

Mr. Wheeler then allegedly told plaintiff to go home. At this time, plaintiff walked into the parts department of the dealership, retrieved a metal pipe, and proceeded back toward the showroom. When plaintiff was about to enter the showroom, United Nissan's general manager, Robert Plakinger, told plaintiff not to enter the showroom with the metal pipe. Despite this, plaintiff walked through the showroom with the metal pipe in hand before exiting into the parking lot and departing from the premises. Plaintiff did not return to the dealership that day.

After conducting an investigation into the altercation, United Nissan terminated plaintiff's employment. Mr. Cadot was suspended for three days without pay for his involvement in the incident. Plaintiff now alleges that defendant violated Title VII as well as Nevada Revised Statute § 613.330 by punishing him more severely based on his status as an African American.

On April 9, 2012, plaintiff filed a complaint for violations of 42 U.S.C. § 2000e and Nevada Revised Statute § 613.330. (Doc. # 1). On May 31, 2013, defendant moved for summary judgment as to plaintiff's claims. (Doc. # 35). On February 4, 2014, the court denied defendant's motion for summary judgment. (Doc. # 60). Trial is currently set for April 13, 2015. (Doc. # 98).

**II.     Legal Standard**

"The court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104. Motions *in limine* are procedural mechanisms by which the court can make evidentiary rulings in advance of trial, often to preclude the use of unfairly prejudicial evidence. *United States v. Heller*, 551 F.3d 1108, 1111-12 (9th Cir. 2009); *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003).

**James C. Mahan**
**U.S. District Judge**

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1980). Motions *in limine* may be used to exclude or admit evidence in advance of trial. *See* Fed. R. Evid. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling *in limine* that prosecution could admit impeachment evidence under Federal Rule of Evidence 609).

Judges have broad discretion when ruling on motions *in limine*. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *see also Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir. 1999) ("The district court has considerable latitude in performing a Rule 403 balancing test and we will uphold its decision absent clear abuse of discretion.").

"[I]n limine rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

**III.    Discussion**

Defendant's motion includes seven separate motions *in limine*. (Doc. # 92). The court will address each request in turn.

  *a.   Motion No. 1*

Defendant first requests that the court exclude certain witness testimony not disclosed during the course of discovery or in plaintiff's Rule 26 disclosures. (Doc. # 92). Defendant states that in plaintiff's pretrial report, plaintiff identifies Richard H. Groberski as a witness and notes an intention to use his deposition testimony from another action against defendant. (Doc. # 88).

According to defendant, plaintiff also belatedly disclosed his intention to call custodians of records from the Las Vegas Review Journal and Las Vegas Public Library as trial witnesses without producing the requisite documents. (Doc. # 92). Defendant contends that plaintiff has violated local rules 16.1-5 and 16.1-21, which detail duties of disclosure, including certification and good faith elements. *See* LR 16.1-5, 16.1-21.

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  Defendant cites Federal Rules of Civil Procedure 26(e)(1)(A) and 37(c)(1) in arguing that
2  plaintiff should be foreclosed from using the above testimony at trial. Defendant contends that it
3  has been deprived of the opportunity to evaluate any relevant documents and engage in the
4  deposition examination of Mr. Graberski, and that it is therefore prejudiced as a result. (Doc. #
5  92).
6  Plaintiff responds that because the witnesses and documents at issue may be offered only
7  for impeachment purposes, plaintiff did not have to disclose them. (Doc. # 96). Plaintiff is correct
8  on this point. *See* Fed. R. Civ. P. 26(a)(1)(A). Federal Rule of Civil Procedure 26(a)(1)(A) details
9  required discovery disclosures, specifying that documents and information on relevant individuals
10  must be disclosed "unless the use would be solely for impeachment." Fed. R. Civ. P.
11  26(a)(1)(A)(i)-(ii).
12  In his response, plaintiff also argues that failure to provide a deposition transcript does not
13  justify exclusion. (Doc. # 96). However, Rule 26(a)(1)(A)(ii) requires disclosure "of all
14  documents . . . that the disclosing party has in its possession, custody or control and may use to
15  support its claims or defenses, unless the use would be solely for impeachment . . . ." Fed. R. Civ.
16  P. 26(a)(1)(A)(ii).
17  Based on plaintiff's representations, the court understands that the testimony at issue will
18  be used only as necessary for impeachment purposes. Defendant's first motion *in limine* will
19  therefore be denied to the extent that it seeks to exclude the testimony at issue for any purpose.
20  Should plaintiff attempt to introduce this evidence at trial for purposes other than impeachment,
21  the court may entertain the objections raised in this motion at that time.
22  b.  Motion No. 2
23  Defendant next moves to exclude "testimony, documents and all related evidence"
24  regarding listed witness Sergio Sosa and former plaintiffs Lance Carr and John Richards, under
25  Federal Rules of Evidence 402 and 403. (Doc. # 92). The court will address the appropriateness
26  of each witness's testimony in turn.
27  i.  *Sosa*
28

**James C. Mahan**
**U.S. District Judge**

- 4 -

Defendant contends that Sosa's testimony is irrelevant because Sosa did not begin working for defendant until after plaintiff was terminated. (Doc. # 92). Defendant cites a Third Circuit case in support of this contention. *See Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1076 (3rd Cir. 1996) (finding that district court's exclusion of co-workers' testimony about Title VII defendant's conduct under Federal Rules of Evidence 401 and 403 was not abuse of discretion).

In support of its motion, defendant also cites Sosa's deposition testimony. In his deposition, Sosa testified that he did not know plaintiff or any allegation that he was called "Sambo." Defendant attaches the relevant deposition transcript. (Doc. # 92-9).

Plaintiff admits that Sosa was not hired until after plaintiff's termination. (Doc. # 96). Any personal knowledge of Sosa related to defendant's work environment is not probative of plaintiff's case. Based on the foregoing, the court finds that Sosa's testimony would be irrelevant. Accordingly, defendant's second motion will be granted as to Sosa's testimony.

*ii.   Richards*

Similarly, defendant seeks to preclude Richards's testimony on relevance grounds. Like Sosa, Richards began working for defendant after plaintiff's termination. (Doc. # 92). Defendant attaches excerpts of Richards's deposition testimony in support of this request. In his deposition, Richards stated that he began working for defendant in 2011, after plaintiff was terminated. (Doc. # 92-11).

As above, the court finds that Richards's testimony is not relevant to plaintiff's claims. As a result, the court will grant defendant's second motion *in limine* as to Richards's testimony.

*iii.   Carr*

Defendant finally contends that Carr's testimony is irrelevant because he was not working on the day of the disagreement that purportedly led to plaintiff's termination. (Doc. # 92). Defendant attaches excerpts from Carr's deposition in support of its motion. (Doc. # 92-10).

At his deposition, Carr testified that he has no knowledge of any allegations of name calling by defendant's employees. Carr was not working on the day of the disagreement leading to

James C. Mahan
U.S. District Judge

plaintiff's termination, and testified at his deposition that he did not hear about it from anyone. While Carr worked for defendant at the same time as plaintiff, Carr had not met plaintiff before the date of Carr's deposition. (Doc. # 92-10).

In light of the above evidence, the court finds that Carr's testimony is not relevant. The court will grant defendant's motion as to Carr's testimony, and thus will grant defendant's second motion *in limine* in its entirety.

    c.  Motion No. 3

Defendant's next motion *in limine* seeks an order barring witnesses from the courtroom under Federal Rule of Evidence 615. (Doc. # 92). Plaintiff does not oppose defendant's request, and simply asks that such a bar apply equally to all parties. (Doc. # 96).

Based on the parties' agreement and the court's regular practice, defendant's third motion *in limine* will be granted. All non-party witnesses will be excluded before testifying, pursuant to Rule 615.

    d.  Motion No. 4

Defendant's fourth motion *in limine* seeks a ruling precluding plaintiff from introducing "evidence regarding his health insurance status or financial ability to obtain medical services, including prescriptions, after his termination." (Doc. # 92). Plaintiff testified in his deposition that he lost his insurance coverage upon termination, increasing his medical costs. (Doc. # 92-12).

In support of this motion, defendant cites a Seventh Circuit case holding that a slip-and-fall plaintiff's financial condition is irrelevant and inadmissible as it would prejudice a jury's damages finding. *See Van Bumble v. Wal-Mart Stores, Inc.*, 407 F.3d 823, 826 (7th Cir. 2005).

The loss of medical insurance due to termination is relevant to the damages calculation in the instant case. As plaintiff notes in his response, *Van Bumble* is distinguishable because the alleged wrongdoing in that case did not cause plaintiff's lack of medical insurance. *Id.* By contrast, plaintiff contends in the instant case that he was wrongfully terminated. If a jury finds defendant liable under plaintiff's theories, plaintiff's increased medical costs could be relevant to damages.

Accordingly, defendant's fourth motion *in limine* will be denied. The court may readdress this ruling at trial as appropriate.

e.  *Motion No. 5*

Defendant's fifth motion *in limine* asks the court to exclude plaintiff from presenting evidence of defendant's financial status unless and until plaintiff proves a *prima facie* case of liability for punitive damages. (Doc. # 92). Plaintiff's complaint seeks punitive damages against defendant. (Doc. # 1).

Nevada Revised Statute 42.005 provides that where a plaintiff claims punitive damages, "the trier of fact shall make a finding of whether such damages will be assessed. If such damages are to be assessed, a subsequent proceeding must be conducted before the same trier of fact to determine the amount of such damages to be assessed." NRS 42.005.

Defendant's financial condition is relevant only to plaintiff's punitive damages claim. *See White v. Ford Motor Co.*, 500 F.3d 963, 976-77 (9th Cir. 2007). Accordingly, plaintiff may not introduce this evidence until the second phase of trial. Defendant's fifth motion *in limine* will therefore be granted.

f.  *Motion No. 6*

Defendant seeks to preclude plaintiff from offering testimony and evidence regarding the use of "name calling" by non-parties as irrelevant, prejudicial, and hearsay. (Doc. # 92). Defendant again cites the Third Circuit's opinion in *Sheridan* in support of this contention. 100 F.3d at 1076 (affirming, under abuse of discretion standard, exclusion of non-party coworker's testimony as irrelevant and prejudicial).

Defendant argues that co-workers' alleged racial comments to each other are irrelevant to its general manager's decision to terminate plaintiff. (Doc. # 92). Further, defendant contends that evidence of racially-charged statements by individuals other than the general manager "would only confuse the jury on the issue of whether [he] terminated [plaintiff] due to his race." (Doc. # 92).

The court will deny this motion *in limine* at the present time. As defendant notes, the relevant factual issue is whether defendant's nondiscriminatory reasoning for plaintiff's

**James C. Mahan**
**U.S. District Judge**

- 7 -

termination was pretextual. In denying defendant's motion for summary judgment against plaintiff, the court held:

> Even though the individuals that made those statements may not have been the ones that terminated plaintiff Day, the regularity of these comments and the lack of a response by defendant's upper management provides evidence from which a reasonable juror could conclude that plaintiff Day's termination was a result of racial discrimination.

(Doc. # 60). Accordingly, defendant has not shown this evidence to be conclusively irrelevant, nor has defendant shown that the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403.

As always, any evidence introduced at trial will be subject to the Federal Rules of Evidence. Accordingly, the parties may make hearsay and other related objections at trial as appropriate.

Defendant alternatively argues that if plaintiff is permitted to introduce this testimony, defendant "must be allowed to use the judgments against co-plaintiffs, Richards and Carr, in this action to demonstrate that the co-plaintiffs made the same allegations, and the court found the allegations were insufficient as a matter of law." (Doc. # 92).

Defendant does not show how these allegations are relevant to the remaining plaintiff's claims against defendant. The court granted summary judgment for defendant against Richards because he failed to demonstrate that he was performing his job in a satisfactory manner. (Doc. # 61).

The court granted summary judgment for defendant against Carr because he failed to show any evidence of pretext. (Doc. # 62). By contrast, the court denied defendant's motion for summary judgment against plaintiff based on the particular circumstances of plaintiff's employment. In particular, the court reasoned that racial remarks by defendant's employees indicated potential pretext in plaintiff's termination. (Doc. # 60).

For the foregoing reasons, the court will deny defendant's sixth motion *in limine* at this time.

    g.  *Motion No. 7*

**James C. Mahan**
**U.S. District Judge**

- 8 -

1    Defendant finally asks the court for an order enforcing a discovery sanction in this case
2    related to the admissibility of evidence. (Doc. # 92). In a hearing on defendant's motion to compel,
3    Magistrate Judge Hoffman found that an email referenced in the motion was untimely disclosed
4    under Rule 26(a) and was therefore subject to exclusion under Rule 37(c). (Doc. # 30).

5    However, the court found that the failure to disclose was harmless due to plaintiff's
6    counsel's representation that he intends to use the email solely for impeachment purposes. The
7    court therefore ordered that use of the email is limited to impeachment purposes only. (Doc. #
8    30).

9    In his response, plaintiff states that he intends to obey the order but suggests that the order
10   does not preclude reference to the document's content. (Doc. # 96). Plaintiff cites no case law in
11   support of this proposition, citing only a case in support of introduction for impeachment purposes.
12   *See Lomascolo v. Otto Oldsmobile-Cadillac, Inc.*, 252 F. Supp. 2d 354 (N.D.N.Y. 2003).

13   Defendant's motion to compel, which Judge Hoffman granted in making the instant
14   evidentiary ruling, asked that the email "and all evidence and reference thereto" only be allowed
15   to impeach. (Doc. # 25).

16   Accordingly, the court finds that Judge Hoffman's ruling prohibits plaintiff from using the
17   email for any purpose other than impeachment at trial. (Doc. # 30). Defendant's seventh motion
18   *in limine* will therefore be granted. The court will enforce the above evidentiary sanctions at trial
19   and will entertain related objections as necessary.

20   **IV.   Conclusion**

21   Accordingly,

22   IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motions *in*
23   *limine* be, and the same hereby are, GRANTED in part and DENIED in part, consistent with the
24   foregoing.

25   IT IS FURTHER ORDERED that defendant's first, fourth, and sixth motions *in limine* be,
26   and the same hereby are, DENIED.

27   …

28

**James C. Mahan**
**U.S. District Judge**

- 9 -

1   IT IS FURTHER ORDERED that defendant's second, third, fifth, and seventh motions *in*
2   *limine*, be, and the same hereby are, GRANTED.
3   DATED March 18, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 10 -